# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1645

_____

United States of America,                  *
                                           *
            Appellee,                      *    Appeal from the United States
                                           *    District Court for the
      v.                                   *    Western District of Missouri.
                                           *
Kenneth J. Smith,                          *         [UNPUBLISHED]
                                           *
            Appellant.                     *

_____

Submitted:  November 23, 2011
Filed:  December 2, 2011

_____

Before LOKEN, BYE, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kenneth Smith pleaded guilty to possessing fifteen or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and to mail theft, in violation of 18 U.S.C. § 1708.  In a written plea agreement, Smith waived his right to appeal his conviction and sentence, except for claims of ineffective assistance of counsel, prosecutorial misconduct, and an illegal sentence.  At the change-of-plea hearing, defense counsel noted that Smith had received medication that morning that would not impair his ability to understand the proceedings.  Smith confirmed that he was not under the influence of medication and that he understood and voluntarily signed the

plea agreement, including the appeal waiver. The district court[1] accepted the plea, and at sentencing imposed concurrent sentences of 41 months in prison, the top of Smith's advisory guidelines range, and 3 years of supervised release. Smith appealed.

We appointed trial counsel to represent Smith on appeal. Counsel moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court procedurally erred in denying a downward departure because Smith's criminal history was substantially overstated. See U.S.S.G. § 4A1.3. We granted Smith an opportunity to file a supplemental *pro se* brief. Instead, he moved for appointment of new appellate counsel, complaining that he was "heavily medicated" and thus "mentally impaired" at the plea hearing, and that counsel led Smith to sign a "misrepresented plea agreement" and then did not act on Smith's instruction to "fix" the plea agreement or withdraw the plea.

After careful review of the record, we enforce the appeal waiver. The plea hearing transcript shows that Smith entered the plea and agreed to the appeal waiver knowingly and voluntarily. Counsel's argument on appeal and Smith's belated claim that the plea and plea agreement were not knowing and voluntary fall within the scope of the waiver, and no miscarriage of justice will result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). To the extent Smith's motion for appointment of new counsel asserts a claim of ineffective assistance of counsel, we decline to take up that issue on direct appeal for lack of an adequate record. See United States v. McAdory, 501 F.3d 868, 872 (8th Cir. 2007).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues outside the scope of the waiver.

---

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge of the United States District Court for the Western District of Missouri

Accordingly, we grant counsel's motion to withdraw, deny Smith's motion for new counsel, and dismiss this appeal.

_____